# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# Case No. 11-CV-23502-MORENO/BROWN

# The attached hand-written document
# has been scanned and is
# also available in the
# SUPPLEMENTAL
# PAPER FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by _CBA_ D.C.

SEP 2 6 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

EDWARD M. SANTANA
    PLAINTIFF,

VS.

MERCANTIL COMMERCEBANK, NA.
    Defendant,

**11-CV-23502-MORENO/BROWN**

## NOTICE OF REMOVAL

COMES NOW PLAINTIFF, EDWARD SANTANA AND Respectfully Requests This Court to transfer case number 11-CC-001341-CC-05 from County Court to the United States District Court. This Case involves A Federal Question (Violation of Electronic Funds TRANSFER Act, 15 U.S.C. §1693m)

Respectfully Submitted,

Eddie Santana

EDWARD. SANTANA
9041 SW 122 AVE #207
Miami, FL 33186

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON This 26th day of September, 2011, the foregoing was filed with This Court AND WAS served by U.S. mail upon the following:

CARIDAD GARRIDO ESQ
2800 PONCE DE LEON BLVD
Suite 190
Coral Gables, FL 33134.
Tel No. (305) 447-0019

EDWARD. SANTANA

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

EDWARD M. SANTANA

    Plaintiff,

vs.

MERCANTIL COMMERCEBANK,

    Defendant.

CASE NO.: 09-64337 CA 23

_____/

## COMPLAINT

Plaintiff, EDWARD M. SANTANA, sues Defendant, MERCANTIL COMMERCEBANK, and alleges that:

1.     Plaintiff is a resident of Miami-Dade County, and is sui juris.

2.     Defendant is a national banking association and has offices in Miami-Dade County, Florida.

3.     The actions complained of took place in Miami-Dade County, Florida.

4.     This is an action for damages that is within the jurisdiction of this court.

## GENERAL ALLEGATIONS

5.     Plaintiff was an account holder and creditor of the Defendant.

6.     On or before July 30, 2009, an unknown individual obtained, without the Plaintiff's permission, the Plaintiff's Mercantil Commercebank debit card.

7.     On July 30, 2009, the aforementioned unknown individual used the Plaintiff's debit card to obtain $1180.00, plus $6.00 in ATM fees.



8.      On July 31, 2009, the aforementioned unknown individual used the Plaintiff's debit card to obtain $1180.00, plus $6.00 in ATM fees.

9.      From August1 through 3, 2009, the aforementioned unknown individual used the Plaintiff's debit card to obtain $3571.36, plus $24.00 in ATM fees.

10.     On August 4, 2009, the aforementioned unknown individual used the Plaintiff's debit card to obtain $1208.84, plus $9.00 in ATM fees.

11.     On August 5, 2009, the aforementioned unknown individual used the Plaintiff's debit card to obtain $500.00, plus $3.00 in ATM fees.

12.     The total amount lost by the Plaintiff was $7688.20.

13.     The Plaintiff learned of the loss of his debit card on August 4, 2009, and reported the loss to the Defendant on August 6, 2009.

14.     Although twenty-one (21) withdrawals were made over a seven (7) day period totaling over $7600.00, the Defendant made no effort to contact the Plaintiff regarding possible fraud.

15.     When the Plaintiff initially reported the loss to the Defendant, he was advised that he would be reimbursed the amount of the loss.

16.     Shortly thereafter, the Defendant reversed its decision.

17.     While the reasons behind the Defendant's reversal of its earlier decision is unknown, it is highly unlikely that the Defendant reviewed any video surveillance from the six (6) locations where funds were withdrawn from Plaintiff's checking account.

18.     Notwithstanding the Plaintiff's compliance with both the Defendant's requirements and federal banking regulations and the fact that the Defendant has or should have knowledge that the Plaintiff did not make the withdrawals, the Defendant has unreasonably refused to return the Plaintiff's funds.

## COUNT I -BREACH OF CONTRACT

Plaintiff realleges and reaffirms the allegations in paragraphs 1 through 18.

19.    Plaintiff, by depositing his money into Defendant's financial institution, and Defendant, by accepting Plaintiff's money, entered into a contract.

20.    Defendant, by allowing an unauthorized individual to withdraw funds from Plaintiff's account and refusing to credit Plaintiff's account notwithstanding that Plaintiff provided proof that the aforementioned actions were not taken by him, Defendant has committed a material breach of the agreement between the parties.

21.    Plaintiff has suffered damages caused by Defendant's breach.

22.    A copy of the depositor agreement was created by and is in the possession of the Defendant.  Plaintiff is not currently in possession of the depositor agreement.

WHEREFORE, Plaintiff demands judgment against the Defendant, plus interest, court costs, attorney's fees, and any other relief that this Court deems just and proper.

## COUNT II - VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. §1693m

Plaintiff realleges and reaffirms the allegations in paragraphs 1 through 18 and 20.

23.    Defendant allowed unauthorized withdrawals and charges to be made from Plaintiff's account.

24.    Plaintiff, along with electronic evidence in the possession of the Defendant, was presented to the Defendant showing that an unauthorized person or persons made the aforementioned charges and withdrawals from Plaintiff's account.

25.    Plaintiff, pursuant to his relationship with Defendant and federal law, disputed the unauthorized charge and withdrawals to Defendant in a timely manner.

26.    Defendant, in violation of the Electronic Funds Transfer Act, refused to credit Plaintiff's account for the unauthorized charge and withdrawals.

27.    Defendant unreasonably and without any legal basis has refused to credit the Plaintiff's account.

28.    Plaintiff is entitled to actual damages, statutory damages, and treble damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for actual damages, statutory damages, treble damages pursuant to 15 U.S.C. 1693f(e), costs, interest, attorney's fees, and any other relief that this Court deems just and proper.

Dated this __31__ day of __August__, 2009.

Eddie Santana
9041 S.W. 122 Ave., Apt. 203
Miami, FL 33186
Tel:    305-967-1850


Eddie Santana